CARNEY BATES & PULLIAM, PLLC
Randall K. Pulliam (*pro hac vice*)
rpulliam@cbplaw.com
Lee Lowther (*pro hac vice*)
llowther@cbplaw.com
Courtney Brown (*pro hac vice*)
cbrown@cbplaw.com
One Allied Drive, Suite 1400
Little Rock, AR 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

JACOBSON PHILLIPS, PLLC
Joshua R. Jacobson (*pro hac vice*)
joshua@jacobsonphillips.com
2277 Lee Road, Suite B
Winter Park, FL 32789
Telephone: (321) 447-6461

CONN LAW, PC
Elliot Conn, CA Bar No. 279920
elliot@connlawpc.com
100 Bush Street, Suite 1580
San Francisco, CA 94104
Telephone: (415) 417-2780
Facsimile: (415) 358-4941

*Attorneys for Plaintiff Bradley Bailey and
the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY BAILEY, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC., D/B/A CASH APP, SQUARE FINANCIAL SERVICES, INC., FIRST ELECTRONIC BANK, and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.: 4:25-cv-05625-YGR<br><br>**JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT

Randall K. Pulliam and Joshua Jacobson jointly declare and state as follows:

1.     Randall K. Pulliam is a partner with the law firm Carney, Bates & Pulliam, PLLC ("CBP"). Joshua Jacobson is a partner with the law firm Jacobson Phillips PLLC ("Jacobson Phillips", collectively with CBP "Class Counsel"). Class Counsel, along with Conn Law, PC, represent Plaintiff Bradley Bailey ("Plaintiff" or "Settlement Class Representative") and the proposed Settlement Class[1] in this Action.

2.     Mr. Pulliam and Mr. Jacobson make this Joint Declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. Except where otherwise stated, they each have personal knowledge of the facts set forth in this Joint Declaration based on active participation in all aspects of the prosecution and resolution of the Action. If called upon to testify, each could and would truthfully and competently testify as to all matters stated herein.

## BACKGROUND AND EXPERIENCE

3.     CBP's firm resume, which details Mr. Pulliam's background as well as his firm's background, is attached hereto as Exhibit A. As demonstrated therein, CBP has extensive experience in class action and complex litigation, including cases involving improper fees. To provide a brief overview, CBP has served or is serving as co-lead counsel in the following cases: *Volino v. Progressive Cas. Ins. Co.,* 1:21-cv-06243-LGS (S.D.N.Y.) (class action involving automobile total loss settlement practices, settling for $48,000,000, and receiving final approval on March 3, 2025); *Brown v. Progressive Mountain Ins. Co.,* 3:21-cv-175-TCB (N.D. Ga.) (class action involving automobile total loss settlement practices, settling for $43,000,000 and receiving final approval on May 15, 2025); *Czarnionka v. The Epoch Times Assoc., Inc.*, No. 1:22-cv-06348-AKH (S.D.N.Y) (class action settlement involving VPPA claims and receiving final approval on July 10, 2024); *Fiorentino v. Flosports, Inc.*, No. 1:22-cv-11501-AK (D. Mass.) (class action involving VPPA claims, settling for $2,625,000, and receiving final approval on

[1] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Settlement Agreement.

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

March 5, 2024); *Caldwell, et al. v. Freedom Mortgage Co.*, No. 3:19-cv-02193-N (N.D. Tex.) (Pay-to-Pay class action, settling for $2,250,000 and receiving final approval in December 2021); *Phillips, et al. c. Caliber Home Loans, Inc.*, 19-cv-02711-WMW-LIB (D. Minn.) (Pay-to-Pay class action settling for $5,000,000, which represented 29.39% of the aggregate Pay-to-Pay fees collected from the settlement class); *Wilson v. Santander Consumer USA*, No. 4:20-cv-00152-KGB (E.D. Ark.) (Pay-to-Pay class action settling for $800,000, which represented 22% of the total Pay-to-Pay Fees that were alleged to have been improperly collected by the defendant); *Williams v. State Farm Mutual Automobile Insurance Company*, 4:11-cv-00749-KGB (E.D. Ark.) (class litigation resulting in a settlement of $21,700,000 with 7,635 individuals receiving 100% recovery plus six percent prejudgment interest while releasing no claims or rights (other than named plaintiffs)); *Econo-Med Pharmacy, Inc. v. Roche Diagnostics Corporation,* 1:16-cv-00789-TWP-MPB (S.D. Ind.) (TCPA class action, settling for $17,000,000 and receiving final approval on September 21, 2017); *Ebarle, et al. v. LifeLock, Inc.*, 3:15-cv-00258 (N.D. Cal.) (class action on behalf of customers of the identity theft protection service, resulting in a nationwide settlement of $81 million that was granted final approval in September 2016).

4. Jacobson Phillip's firm resume, which details Mr. Jacobson's background as well as his firm's background, is attached hereto as Exhibit B. As detailed therein, Jacobson Phillip is a national law firm whose lawyers have extensive experience in class actions and consumer protection matters, including such notable cases as *Volino* and *Brown* (as co-counsel with CBP and which cases are addressed above); *Reynolds v. Progressive Direct Ins. Co.*, No. 5:22-cv-503-LCB (N.D. Ala.) (class action involving automobile total loss settlement practices, settling for $30,750,000 and receiving final approval on September 15, 2025); *Knight v. Progressive Nw. Ins. Co.*, No. 3:22-CV-203-JM (E.D. Ark.) (class action involving automobile total loss settlement practices, settling for $13,211,773 and receiving final approval on September 25, 2025); *Angell v. Geico Advantage Ins. Co.*, No. 4:20-cv-799 (S.D. Tex.) (class action involving automobile total loss settlement practices, settling for $33,700,000.00 and receiving final approval on August 7, 2024); *Grigorian v. FCA US LLC*, No. 2021-000976-CA-01 (Fla. Cir. Ct.

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Miami-Dade Cty.) ($8,950,000.00 class action settlement in TCPA action, granted final approval in 2024); *Sos v. State Farm Mut. Auto. Ins. Co.*, 2023 U.S. App. LEXIS 22986 (11th Cir. Aug. 30, 2023) (successfully defended order granting class certification and final judgment entered in favor of certified class).

5. A full listing of the cases Class Counsel have been involved in can be found on each law firm's respective resume. *See* Exs. A-B. As evidenced therein, Class Counsel have extensive knowledge in class action litigation and are adequately capitalized and staffed, allowing Class Counsel to dedicate the resources needed to vigorously pursue the claims of putative class members and to achieve the best possible result.

## THE PROPOSED SETTLEMENT

6. November 5, 2025, Plaintiff and Defendants Block, Inc. ("Block"), Square Financial Services, Inc. ("SFS"), and First Electronic Bank ("FEB") (collectively "Defendants," and together with Plaintiff, the "Parties") participated in a day-long mediation before Ms. Michelle Yoshida of Phillips ADR Enterprises. Prior to and during that mediation, the Parties engaged in formal and informal exchanges of information and data regarding the claims alleged, Cash App Borrow loans, and Rule 23 considerations. In preparation for the mediation, the Parties also prepared detailed mediation statements outlining their respective legal positions regarding the merits of Plaintiff's claims under the Military Lending Act, 10 U.S.C. § 987, *et seq*. ("MLA"), the Georgia Payday Loan Act, O.C.G.A. § 16-17-1, *et seq*. ("GPLA"), class certification, and the scope of damages.

7. The mediation and exchange of information allowed Class Counsel to assess the strength of Plaintiff's claims, as well as Defendants' defenses, and balance the benefits of any settlement against the risks of further litigation, a process that was further informed by Class Counsel's prior litigation and experience.

8. Based on the foregoing and with the assistance of respected mediator Ms. Michelle Yoshida, the Parties were able to negotiate a settlement in principle, which was memorialized in a term sheet. Over the next several weeks, the Parties continued settlement

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

negotiations regarding comprehensive settlement terms, which are memorialized in the Settlement Agreement being contemporaneously filed herewith.

9. Under the proposed Settlement now before the Court, Defendants shall establish a cash settlement fund of $615,000 (the "Settlement Fund") for the benefit of Settlement Class Members. *See* Settlement Agreement at ¶ E(1).

10. There is no claims process. Instead, each Settlement Class Member who does not opt out will automatically receive a pro rata payment based upon his or her status as a covered borrower under the MLA who obtained a Cash App Borrow loan with a Military Annual Percentage Rate ("MAPR") exceeding thirty-six percent (36%).

11. In exchange for the consideration from the Defendants, the Action will be dismissed with prejudice upon final approval of the Settlement, and the Settlement Class Members will thereby Release all claims that have or could have been asserted against the Released Parties, relating to the facts, transactions, or events alleged in this Action. *See id*. at ¶¶ A(13)-(14) and I.

12. Here, based on a review of Defendants' records, the Parties have determined that the proposed Settlement equates to roughly 17.6% of Plaintiff's alleged statutory damages measured by one MLA violation per transaction.

13. Class Counsel is aware of no conflicts between the proposed Class Representative and the Settlement Class.

14. The proposed Settlement provides for notice to Settlement Class Members by (i) emailing the Email Notice (substantially in the form attached as Exhibit A to the Settlement Agreement) to those Settlement Class Members for whom an email address is available in the Settlement Class List; (ii) mailing, by first-class US mail, the Postcard Notice (substantially in the form attached as Exhibit B to the Settlement Agreement) to those Settlement Class Members for whom an email address are not available in the Settlement Class List; and (iii) posting the Long Form Notice (substantially in the form attached as Exhibit C to the Settlement Agreement) to the Settlement Website (collectively the Email Notice, Postcard Notice and Long Form Notice

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

shall be referred to as the "Class Notice").

15. Additionally, a case-specific settlement website ("Settlement Website") will be established and will enable Settlement Class Members to access important case documents, including the Settlement Agreement, the Preliminary Approval Order, Class Counsel's motions for final approval and for attorneys' fees, when available, and such other documents as the Parties agree to post or that the Court orders posted to the website.

16. Class Counsel believe the form and manner of notice in this Action is reasonably calculated to apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement, and the rights to object to any part of the Settlement or to exclude themselves from the Settlement Class, and constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law.

17. Class Counsel further believe that when measured against all the relevant standards for approval of class action settlements, the proposed Settlement is fair, reasonable, and adequate and preliminary approval is warranted.

18. Indeed, as set forth above, the Settlement provides for immediate and meaningful monetary relief.

19. Additionally, the Settlement was reached through arm's-length negotiations before a neutral mediator; and only after Class Counsel conducted an extensive factual investigation, drafted the complaint, conducted informal discovery, and participated in a full-day mediation. As such, Class Counsel possessed all the information necessary to evaluate the case and reach a fair and reasonable compromise.

20. Moreover, throughout the settlement discussions, counsel for the Defendants defended their clients' position and demonstrated their commitment to litigate this Action to its conclusion. Hence, the proposed Settlement represents concessions by both Parties after hard-fought litigation and arm's length negotiations conducted by experienced counsel on both sides who were thoroughly familiar with the factual and legal issues and with the assistance of an

experienced mediator.

21. Additionally, even after the major terms of the Settlement were reached, additional time and discussions were required to finalize the Settlement Agreement. Numerous drafts of the Settlement Agreement and accompanying exhibits were circulated amongst the Parties for comment over the course of several weeks until an agreed-to form of the Settlement Agreement and exhibits were ultimately reached.

22. The Settlement Agreement provides that Class Counsel may file a motion with the Court requesting an award of attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Fund to compensate them for all of the work already performed in this case, all of the work remaining to be performed in connection with this Settlement, and the risks undertaken in prosecuting this case. Class Counsel may also seek reimbursement of reasonable out-of-pocket litigation expenses not to exceed $25,000 and a Service Award of up to $5,000 for the Settlement Class Representative. The enforceability of the Settlement is not contingent on the Court's approval of Class Counsel's application for an award of attorneys' fees, litigation expenses, or a Service Award.

23. The anticipated requests for attorneys' fees, litigation expenses, and Service Awards are reasonable and consistent with prevailing standards in the Ninth Circuit and district courts therein. *See Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016) ("The Ninth Circuit has set 25% of the fund as a 'benchmark' award under the percentage-of-fund method."); *Roe v. Frito-Lay, Inc.*, No 14CV-00751, 2017 WL 1315626, at \*8 (N.D. Cal. Apr. 7, 2017) ("[A] $5,000 incentive award is 'presumptively reasonable' in the Ninth Circuit." (collecting cases)).

24. Moreover, it was only after agreeing on the principal terms of the proposed Settlement that the Parties negotiated and reached the agreement regarding attorneys' fees, litigation expenses, and a Service Award. The only agreement made regarding those items was that Class Counsel would seek (i) an award of attorneys' fees from the Court of no more than 25% of the Settlement Fund plus expenses, to be paid solely out of the Settlement Fund, and (ii)

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

a Service Award of $5,000 to Plaintiff to compensate him for his efforts and risks in bringing and prosecuting the Action on behalf of the Settlement Class Members and achieving the benefits of the Settlement.

25. Thus, the Settlement was achieved through arm's-length negotiations conducted by informed counsel with the assistance of a neutral third-party mediator, contains no obvious deficiencies, lacks any evidence of fraud or collusion, and treats Settlement Class Members equitably.

26. Class Counsel believe that the Settlement is an excellent result for the Settlement Class, is in the best interest of the Settlement Class, and is appropriate for preliminary approval.

We declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 13th day of March 2026.

*/s/ Randall K. Pulliam*
Randall K. Pulliam

*/s/ Joshua R. Jacobson*
Joshua R. Jacobson

JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT