## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("**Agreement**" or "**Settlement Agreement**") is hereby entered into by and among Plaintiff Bradley Bailey ("**Plaintiff**" or "**Named Plaintiff**") individually and on behalf of the Settlement Class Members and Defendants Block, Inc. ("**Block**"), Square Financial Services, Inc. ("**SFS**"), and First Electronic Bank ("**FEB,**" collectively, "**Defendants**"), (together, "**the Parties**"), in the matter *Bailey v. Block Inc., et al.*, Case No. 4:25-cv-5625 (N.D. Cal.).

## I.       Introduction

A.      **WHEREAS,** Named Plaintiff alleges that Defendants violated (1) the Military Lending Act, 10 U.S.C. § 987 *et seq.* ("MLA") by, among other things, charging covered borrowers more than a 36% Military Annual Percentage Rate, and (2) the Georgia Payday Loan Act, O.C.G.A. § 16-17-1 *et seq.* ("GPLA") by, among other things, charging Georgia residents more than a 16% interest rate and including loan terms that are not permitted under the GPLA.

B.      **WHEREAS,** the Parties reached an agreement in principle to resolve this matter during a mediation held November 5, 2025.

C.      **WHEREAS,** Plaintiff and Class Counsel have conducted a thorough examination of the law and facts relating to the matters at issue in the Action regarding Plaintiff's claims and the Defendants' potential defenses, as well as an assessment of the merits of Plaintiff's expected arguments through dismissal motions, class certification, and summary judgment.

D.      **WHEREAS,** based on an analysis of the law and facts applicable to Plaintiff's claims in the Action, and taking into account the delay, burden, and expense of continued litigation, including the risks and uncertainties associated with dismissal motions, class certification, summary judgment, protracted trial and appeal(s), as well as a fair, cost-effective and assured method of resolving the claims of the Settlement Class, Plaintiff and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Settlement Class is afforded relief as expediently as possible.

E.      **WHEREAS,** Plaintiff and Class Counsel believe that the terms set forth in this Agreement confer substantial benefits upon the Settlement Class and are in the best interest of the Settlement Class.

F.      **WHEREAS,** Defendants deny all liability for Plaintiff's claims and deny any and all alleged wrongdoing, but have similarly concluded that this Agreement is desirable in order to avoid the time, risk, and expense of defending protracted litigation and to resolve finally and completely the claims of Plaintiff and the Settlement Class.  Defendants further maintain that no liability may attach to any

of the Defendants under the MLA because they maintain procedures reasonably designed to avoid any MLA errors, which is a complete defense to an MLA claim.

G. **WHEREAS,** this Agreement is intended by the Parties to fully, finally, and forever settle, compromise, and discharge the Released Claims (as defined below), subject to the terms of this Agreement, and subject to preliminary and final approval of the Court.

## II. <u>Terms of Settlement</u>

A. Definitions

1. "**Action**" means the civil action *Bailey, et al. v. Block Inc., et al.*, Case No. 4:25-cv-5625, which was originally filed in the Superior Court of the State of California for the County of Alameda on May 28, 2025, and removed to the Northern District of California on July 3, 2025 by FEB.

2. "**Agreement**" or "**Settlement Agreement**" means this Class Action Settlement Agreement and Release, including any exhibits.

3. "**Defendants' Counsel**" means Orrick, Herrington & Sutcliffe LLP.

4. "**Class Counsel**" means:

Edwin Lee Lowther
Courtney Elizabeth Ross Brown
**CARNEY BATES & PULLIAM, PLLC**
One Allied Drive Ste 1400
Little Rock, AR 72202

Joshua Jacobson
**JACOBSON PHILLIPS PLLC**
2277 Lee Rd Ste. B
Winter Park, FL 32789

5. "**Class Representative**" means Bradley Bailey.

6. "**Court**" means the United States District Court for the Northern District of California.

7. "**Fee Award and Costs**" means the amount of attorneys' fees and reimbursement of litigation costs and expenses awarded by the Court to Class Counsel.

8. "**Net Settlement Fund**" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the

Settlement Fund for the following: (i) Notice and Administrative Expenses; (ii) Taxes and Tax-Related Expenses; (iii) Service Award Payment approved by the Court; and (iv) Fee Award and Costs.

9. "**Non-Profit Residual Recipient**" means Operation Patriot Packs, a 26 U.S.C. § 501(c)(3) non-profit organization.

10. "**Notice Date**" is the date Class Notice will be sent via email to all Settlement Class Members for whom email addresses are available and via U.S. First Class Mail for whom email addresses are not available from the Settlement Class List, which shall occur within forty-five (45) days of entry of an Order granting Preliminary Approval of the Settlement.

11. "**Objection Deadline**" is the last day on which a Settlement Class Member may file an objection to the Settlement, which will be fifty-six (56) days after the Notice Date.

12. "**Opt-Out Deadline**" is the last day on which a Settlement Class Member may file a request to be excluded from the Settlement Class, which will be fifty-six (56) days after the Notice Date.

13. "**Released Claims**" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed actions, causes of action, claims or demands that have been or could have been asserted in any form by members of the Settlement Class, including but not limited to, statutory or regulatory violations, negligence, contract, common law claims and any damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory penalties, attorneys' fees, costs, and entitlement to equitable relief) regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or another source, proximately caused thereby or attributable thereto, direct or indirect, whether or not currently known, arising out of, based upon, or reasonably related to the facts, allegations, or claims that were or could have been asserted in the Action or in another action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body) against the Released Parties, including but not limited to any claims under the Military Lending Act, 10 U.S.C. § 987 *et seq.* and the Georgia Payday Loan Act, O.C.G.A. § 16-17-1 *et seq.*

14. "**Released Parties**" means Block, SFS, FEB, and each of their predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future owners, officers, directors, employees, investors, owners, stockholders, partners,

servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns.

15. "**Releasing Parties**" means Plaintiff and other Settlement Class Members and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities.

16. "**Service Award Payment**" means compensation awarded by the Court and paid to the Class Representative in recognition of his role in this litigation.

17. "**Settlement Class List**" means the list generated by Defendants containing the last known name, mailing, and/or email address for all persons that fall under the definition of the Settlement Class, which Defendants will provide to the Settlement Administrator within fifteen (15) days of the Preliminary Approval Order. The Settlement Class List will be updated by the Settlement Administrator prior to the Notice Date by use of the National Change of Address Registry.

B. Certification of Class Action for Settlement Purposes Only. The Parties agree, for settlement purposes only, to stipulate to the certification of a "**Settlement Class**," each member of which is a "**Settlement Class Member**," defined as follows:

> Persons who, as of May 28, 2025, (i) obtained a Cash App Borrow loan from FEB or SFS through Block's Cash App platform, (ii) were covered borrowers as defined under the Military Lending Act and its implementing regulations at the time they obtained a Cash App Borrow loan, and (iii) the Military Annual Percentage Rate applicable to the Cash App Borrow loan exceeded thirty-six percent (36%).

Excluded from the Settlement Class are (i) any judge or magistrate judge presiding over this Action, members of their staff, and members of their immediate families; (ii) the Released Parties; (iii) persons who properly execute and file a timely request for exclusion from the Settlement Class; (iv) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (v) counsel for Defendants; and (vi) the legal representatives, successors, and assigns of any such excluded persons.

In the event that, for any reason, the Court does not issue a Final Approval Order that approves of this Settlement Agreement, then such stipulated class certification shall become null and void and the Parties shall not be affected in any way by such prior stipulation or any preliminary certification if the Court enters the Preliminary Approval Order. The Parties agree that (i) such Order is not in any respect an

adjudication of any fact or issue for any purpose other than the effectuation of this Agreement; (ii) such Order may not be considered as law of the case or res judicata or have collateral estoppel effect in this or any other proceeding other than for purposes of effectuating this Agreement; and (iii) they will make no assertion in any court or proceeding inconsistent with clauses (i) and (ii) of this Section. Defendants thus do not waive, and instead expressly reserve, the right to challenge the propriety of class certification for any purpose in the event that the Court does not issue a Final Approval Order that approves this Settlement Agreement.

C.      No Admission of Liability. Defendants do not admit any liability or wrongdoing of any kind associated with the allegations or claims asserted in the Action. Nothing in this Settlement Agreement or any action that Defendants take under it or any related communications or negotiations concerning the Settlement Agreement shall be deemed or construed as an admission of liability or wrongdoing of any kind on the part of Defendants with respect to any allegations or claims, nor does it constitute an admission that any putative class meets the requirements for class certification. It is specifically understood and agreed that the benefits provided in this Settlement Agreement are being paid or provided in full and final settlement of all claims and that such payment and the providing of sufficient benefits does not constitute and shall not be construed as any admission or evidence of fault or liability on the part of Defendants and shall not be admissible in any proceeding as evidence of fault, liability, or wrongdoing. Defendants have asserted defenses they believe to be meritorious and expressly have denied and continue to deny that they were at fault and further deny that they are liable to Plaintiffs or the Settlement Class for any amounts.

D.      Effective Date. This Settlement Agreement is conditioned upon the occurrence of each of the following events: (i) the Parties and counsel for the Parties executing the Settlement Agreement; (ii) the Court granting preliminary approval to the Settlement Agreement as provided herein; (iii) the Court entering a Final Approval Order granting final approval of the Settlement Agreement without any material modification or condition; and (iv) dismissal of this Action with prejudice. Provided each of these events has occurred, the effective date of the Settlement Agreement ("**Effective Date**") shall be the later of either the expiration of the time for filing an appeal from the Final Approval Order, or if a timely appeal is made, the date of the final resolution of that appeal and any subsequent appeals resulting in final approval of the Settlement Agreement without any material modification or condition.

E.      Agreed Monetary Relief.

1.      Establishment of Settlement Fund. Within thirty (30) days of the Effective Date of this Agreement, Block shall deposit the sum of Six Hundred Fifteen Thousand Dollars ($615,000.00) into an account established and

administered by the Settlement Administrator.  In no event will Defendants' liability under this Settlement Agreement exceed $615,000.00.

2.      <u>Use of the Settlement Fund</u>.  As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for the following (in the following order): (i) Notice and Administrative Expenses; (ii) Taxes and Tax-Related Expenses; (iii) Fee Award and Costs approved by the Court; (iv) Service Award Payment approved by the Court; (v) Distribution to Settlement Class Members. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement. No amounts may be withdrawn from the Settlement Fund for the Fee Award and Costs, Service Award Payment, or the Distribution to Settlement Class before the Effective Date.

3.      <u>Taxes and Representations.</u>  Taxes and Tax-Related Expenses relating to the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties, their counsel, and their insurers and reinsurers for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

4.      <u>Pro Rata Distribution of the Settlement Fund</u>.  The Net Settlement Fund will be allocated to Settlement Class Members who do not submit a timely and valid request for exclusion on a pro rata basis.

F.   <u>Class Counsel Fee Award and Costs and the Named Plaintiff's Service Award Payment.</u>

1.      No less than twenty-one (21) days after the Notice Date, Class Counsel will submit an application for attorneys' fees not to exceed 25% of the Settlement Fund, plus reimbursement of out-of-pocket litigation expenses in an amount not to exceed $25,000.  The Court's approval of Class Counsel's Fee Award and Costs in an amount less than the applied-for amounts will not have any effect on the remainder of this Agreement or on

the entry of final judgment or on the occurrence of the Effective Date, nor will such result be grounds for termination of the Agreement.

2.  In recognition of his time and effort spent serving as Class Representative, Class Counsel shall submit an application for approval of Named Plaintiff's Service Award Payment in the amount of $5,000 or as approved by the Court.

3.  Other than any such liability Defendants may incur under this Agreement, Defendants shall have no liability to any Settlement Class Member, to Class Counsel, or to any other attorney for any Settlement Class Member for any attorney's fees, costs, or expenses incurred by any of them in connection with the Action or any other claims released as a result of the Settlement. The Class Representative agrees to hold Defendants harmless from any claim that the term "Class Counsel" as defined in this Agreement fails to include any person or firm who claims to be entitled to a share of any attorneys' fees awarded to Class Counsel in connection with the Action.

G.  <u>Settlement Administration</u>. Class Counsel will engage a Settlement Administrator acceptable to the Parties prior to filing of the Preliminary Approval Motion to oversee the sending of the Class Notice and making of the payments required under this Settlement Agreement. The Settlement Administrator cost estimates for Administrative Costs will be provided prior to the time of acceptance of said administrator. Defendants shall pay the estimated Administrative Notice Costs directly to the Settlement Administrator. Any amounts paid to the Settlement Administrator prior to creation of the Settlement Fund shall be subtracted from the amount to be deposited by Defendants in the Settlement Fund such that Defendants' total liability hereunder does not exceed Six Hundred Fifteen Thousand Dollars ($615,000.00).

The Settlement Administrator will administer the settlement, including (i) not later than ten (10) calendar days after the filing of this Settlement Agreement with the Court, on Defendants' behalf, serving or causing to be served notice of the proposed Settlement upon the appropriate federal and state officials, as provided by the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq*.; (ii) providing notification of the proposed settlement as per this Agreement to the Settlement Class Members via email and/or First Class Mail; (iii) creating and hosting a website, publicly accessible from the Notice Date until at least six months after the Effective Date, dedicated to providing information related to the Action, including access to relevant publicly available court documents, the settlement and this Settlement Agreement, and the long-form notice of the settlement; (iv) maintaining a toll-free telephone number for a period to be determined by the Claims Administrator in consultation with Plaintiffs' counsel and a P.O. Box by which Settlement Class Members can seek additional information regarding this Settlement Agreement; (v)

providing payments to Settlement Class Members; (vi) processing requests for exclusion from Settlement Class Members; (vii) reporting on a weekly basis to Class Counsel and to Defendants' Counsel the information pertaining to Class Notices sent and payments distributed and claimed; and (viii) any other provision of this Settlement Agreement that relates to the settlement and claims administration.

H. <u>Distribution to Settlement Class Members</u>.

1. <u>Payment Timing.</u> Payments shall be issued in the form of a check or electronic payment within forty-five days of the Effective Date.

2. <u>Timing.</u> Checks sent via mail shall bear in the legend that they expire if not cashed within ninety (90) days of their date of issue.

3. <u>Returned Payment</u>. For any check or electronic payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address or when an email bounces back), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the check or payment is returned to the Settlement Administrator as undeliverable. Any replacement checks issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

4. <u>Uncashed Checks or Electronic Payments.</u> To the extent that a check or electronic payment is not cashed or otherwise redeemed within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Settlement Class Member by e-mail and/or telephone using contact information provided in the Claim Form to discuss how to obtain a reissued check or reissued electronic payment; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissue a check or electronic payment or mail the Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued check or electronic payment. Any reissued checks or electronic payments issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed or otherwise redeemed by the Settlement Class Members within that time.

5. <u>Deceased Class Members.</u> If the Settlement Administrator is notified that a Settlement Class Member is deceased, the Settlement Administrator is

authorized to reissue payment to the Settlement Class Member's estate upon receiving proof the Settlement Class Member is deceased and after consultation with Class Counsel and Defendants' Counsel.

6. Unclaimed Funds - Second Distribution & *Cy Pres*. To the extent any monies remain in the Net Settlement Fund more than one hundred fifty (150) days after the distribution of Settlement Payments, a subsequent Settlement Payment will be made on a pro rata basis to all Settlement Class Members who deposit or cash their initial settlement payment. If, at the discretion of the Settlement Administrator in consultation with the Parties, the amount of a subsequent Settlement Payment distribution would be too small to make individual distributions economically viable, the remaining Net Settlement Fund shall be distributed to the Non-Profit Residual Recipient.

I. Release. Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims. Each Releasing Party expressly waives all rights under California Civil Code section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code section 1542. The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

J. Notice of Settlement. The Parties agree to the following procedures for notifying the Settlement Class Members.

1. Identification of Settlement Class Members. Within fifteen (15) days of entry of an Order from the Court granting Preliminary Approval of the Settlement, Block will provide to the Settlement Administrator the Settlement Class List, which lists all individuals (including their phone

numbers and/or email addresses if known following a reasonable search) identified by Defendants who may be a member of the Settlement Class.

Such documentation or information may not be disclosed by the Settlement Administrator to anyone outside its organization. The Parties agree that Class Counsel will not have access to such documents or information disclosed by Defendants to the Settlement Administrator. Phone numbers provided by Defendants shall not be used for solicitation purposes.

2. <u>Class Notice</u>. The court-approved Notice of Proposed Class Action Settlement ("**Class Notice**") shall include (i) an Email Notice, in substantially the form attached hereto as **<u>Exhibit A</u>**, (ii) a Postcard Notice, in substantially the form attached hereto as **<u>Exhibit B</u>**, and (iii) a Long Form Notice, in substantially the form attached hereto as **<u>Exhibit C</u>**. Any changes to the Class Notice that do not materially affect the substance of the Settlement Agreement that the Court may require will not invalidate this Settlement Agreement.

Notice shall be made via the Email Notice to all Settlement Class Members for whom email addresses are available and via the Postcard Notice, sent U.S. First Class Mail, for those whom email addresses are not available in the Settlement Class List, within forty-five (45) days of entry of an Order granting Preliminary Approval of the Settlement (the "**Notice Date**").

K. <u>Objection Procedures</u>. The Class Notice shall inform Settlement Class Members of the right to object to the Settlement Agreement. If a Settlement Class Member wishes to have the Court consider an objection to the Settlement Agreement, such person (i) must not have excluded himself from the Settlement and (ii) must file with or send to the Court a written statement stating the reasons for the objection to the Settlement, along with any supporting documentation that the person wishes the Court to consider, by no later than fifty-six (56) days after the Notice Date (the "**Objection/Opt-Out Deadline**"). If such Objection is submitted and overruled by the Court, the objecting member of the Settlement Class shall remain fully bound by the terms of the Settlement Agreement and the Final Approval Order. The Parties shall submit any responses to Objections no later than seven (7) days prior to the Final Approval Hearing. Any Settlement Class Member who does not appear individually or through counsel and who does not challenge or comment upon the fairness and adequacy of the Settlement Agreement or Class Counsel's request for Class Counsel Fees shall waive and forfeit any and all rights to appear separately or object. All Settlement Class Members shall be bound by the Settlement and by all orders and judgments in this Action.

L. <u>Opt-Out Procedures</u>. The Class Notice shall also provide that Settlement Class Members who wish to exclude themselves (i.e., opt out) from the Settlement Class

must mail a letter to the Settlement Administrator on or before the Objection/Opt-Out Deadline requesting exclusion from the Settlement Class. An opt-out request must: (i) be in writing; (ii) provide the Settlement Class Member's name, address, and the phone number and $Cashtag associated with the Settlement Class Member's Cash App Account; (iii) contain the following statement: "I request that I be excluded from the Settlement Class in the case of *Bailey v. Block Inc., et al.*"; (iv) be individually signed; and (v) be mailed to the Settlement Administrator at the address provided in the Class Notice with a postmark on or before the deadline set forth in the Class Notice. Each individual who properly files a timely written opt-out request shall be excluded from the Settlement Class and shall have no rights under the Settlement Agreement. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Opt-Out Deadline shall be bound by all terms of the Settlement and any final judgment entered in this Action if the Settlement is approved by the Court, regardless of whether they have objected to the settlement. An opt-out request shall be deemed timely if it is postmarked no later than fifty-six (56) days after the Notice Date.

M.  Settlement Administrator Reports. After the Notice Date, the Settlement Administrator shall provide a weekly report to Class Counsel and to Defendants' Counsel, setting forth information pertaining to Class Notices sent. Within ten (10) days of the Objection/Opt-Out Deadline, the Settlement Administrator shall provide jointly to Class Counsel and Defendants' Counsel a report listing the timely written Opt-Out requests and copies of same.

Within seventy (70) days of the Notice Date, the Settlement Administrator shall provide Class Counsel and Defendants' Counsel a report listing: (i) the total number of Settlement Class Members who did not submit a timely and valid request for exclusion; and (ii) the calculated pro rata distribution for each Settlement Class Member.

N.  Preliminary Approval. Within thirty (30) days of execution of the Settlement Agreement, Class Counsel shall promptly prepare and file with the Court a Motion for Preliminary Approval and determination by the Court as to the fairness, adequacy, and reasonableness of this Settlement Agreement. The Motion for Preliminary Approval shall request entry of a preliminary order that: (i) certifies the Settlement Class; (ii) approves the Class Notice as to form and content and directs that such Class Notice be provided to Settlement Class Members; (iii) preliminarily approves the Settlement Agreement; and (iv) approves the selected Settlement Administrator.

O.  Final Approval and Entry of Final Judgment. No less than eighty-four (84) days after the Notice Date, Plaintiff will request that the Court grant final approval and enter judgment approving the Settlement Agreement as fair, adequate, reasonable, and binding on all Settlement Class Members; ordering that the settlement

11

payments be made to the Settlement Class Members; ordering that Class Counsel Fees, the Administrative Costs, and the Named Plaintiffs Service Payment be paid in the amounts approved by the Court; dismissing the Action with prejudice; and barring Settlement Class Members from bringing Released Claims.

P.   Termination.

1.   The Settlement Agreement may be terminated and canceled at the sole and exclusive discretion of Defendants if more than an agreed number of Settlement Class Members timely and validly exclude themselves from the Settlement Class. That number has been separately agreed to by the Parties and will be submitted to the Court for *in camera* review if requested. If Defendants elect to terminate under this provision, they must provide written notice to the Class Counsel and to the Court no later than seven (7) days after the deadline for the Settlement Administrator to provide the report of timely opt-out requests pursuant to Section II.

2.   If there is a failure to reach the Effective Date and/or if the Court should for any reason fail to approve this Settlement Agreement in the form agreed to by the Parties, decline to enter the Preliminary Approval Order, decline to enter the Final Approval Order, or impose any modification or condition to approval of the Settlement Agreement to which the Parties do not consent, and/or if the Final Approval Order is reversed or rendered void, then (a) this Settlement Agreement shall be considered null and void; (b) neither this Settlement Agreement nor any of the related negotiations shall be of any force or effect; (c) Defendants shall have no obligation to provide any cash or other benefit to Settlement Class Members and shall be entitled to the return of any cash deposited with the Settlement Administrator; (d) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court; and (e) the Settlement Agreement and all negotiations, statements, proceedings and data relating thereto shall be protected by Federal Rule of Evidence 408 and any applicable mediation privileges, and shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Action. Invalidation of any portion of this Agreement shall invalidate this Agreement in its entirety unless the Parties agree in writing that the remaining provisions shall remain in full force and effect.

Q.   Confidentiality. The Parties and their counsel shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Settlement Agreement. The Parties will not make any public statement about the settlement that has not been approved by the other side, except as required or authorized by law. Approval of any proposed public statement of the other side

will not be unreasonably withheld. The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so. This paragraph shall not be construed to limit or impede the notice requirements contained in this Settlement Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendants' Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their Counsel may make to the Court to assist in the Court's evaluation of the Settlement Agreement. Nor shall this paragraph be construed to prevent Class Counsel from indicating on any firm resume or on the firm's website the fact that the matter settled and that the firm was one of the counsel involved in the matter. Defendants may also provide information about the Settlement Agreement to their attorneys, members, partners, insurers, brokers, agents, and other persons or entities as required by securities laws or other applicable laws and regulations and for purposes of conducting appropriate business.

R.  <u>Cooperation in Effecting Settlement</u>: The Parties, their successors and assigns, and their attorneys will implement this Settlement Agreement in good faith, use good faith in resolving any disputes that may arise in the implementation of this Settlement Agreement, cooperate with one another in seeking Court approval of this Settlement Agreement, and use their best efforts to effect the prompt consummation of this Settlement Agreement.

S.  <u>Miscellaneous Provisions</u>.

1.  This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties.

2.  The headings of the sections of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

3.  This Settlement Agreement constitutes the entire agreement between Plaintiff and Defendants relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or Party's legal counsel, are merged herein.

4.  The Parties and their counsel will cooperate with each other and use their best efforts to implement this Settlement Agreement. Class Counsel shall, with the assistance and cooperation of Defendants' Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement and dismissal of this Action with prejudice.

5. This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and Settlement Class Members and their respective heirs, successors, and assigns.

6. All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of California, without regard to its rules regarding conflict of laws.

7. The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after extensive negotiation, with consideration by and participation of counsel for both Parties. The Settlement Agreement shall be construed according to the fair intent of the language taken as a whole, and not for or against any Party.

8. The waiver by one Party of any provision or breach of this Settlement Agreement shall not be deemed a waiver of any other provision or breach of this Settlement Agreement.

9. The Parties and their counsel may execute this Settlement Agreement in counterparts and this Settlement Agreement may be executed by electronic signature. Execution in counterparts shall have the same force and effect as if all signatories had signed the same document.

10. The Court shall retain jurisdiction to interpret, effectuate, enforce, and implement this Settlement Agreement, and all Parties submit to the jurisdiction of the Court only for purposes of implementing and enforcing the Settlement Agreement. Except as stated above regarding claim disputes, the Court shall have exclusive jurisdiction to resolve any disputes involving this Settlement Agreement.

11. Each individual signing this Settlement Agreement represents and warrants that he or she has the authority to sign on behalf of the person or entity for which that individual signs.

Docusign Envelope ID: 96CAE499-5FE7-45EF-9F17-6037917EE673

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Dated: Feb 26, 2026

Signature: *Bradley Bailey (Feb 26, 2026 10:25:36 EST)*

**Bradley Bailey**

Dated: February 26, 2026

Signature:

**Edwin Lee Lowther, Counsel for Named Plaintiff and Class Counsel**

Dated: February 26, 2026

Signature:

**Courtney Elizabeth Ross Brown, Counsel for Named Plaintiff and Class Counsel**

Dated: February 26, 2026

Signature:

**Joshua Jacobson, Counsel for Named Plaintiff and Class Counsel**

Signature: Martin White

Dated: 3/6/2026

Name: Martin White

Title: Head of Litigation

**Block Inc.**

15

Docusign Envelope ID: 96CAE499-5FE7-45EF-9F17-6037917EE673

Signature: *Kesli Jensen*

Dated: _____

Name: _____

Title: _____

**Square Financial Services, Inc.**


Dated: _____

Name: _____

Title: _____

**First Electronic Bank**


Dated: _____

Signature: _____

**Aravind Swaminathan, Counsel for Defendants**

16

Dated: _____

Name: _____

Title: _____

**Square Financial Services, Inc.**

**FIRST ELECTRONIC BANK**

By: *Sherrie Rees*
Sherrie Rees (Mar 5, 2026 16:02:46 MST)

**Sherrie Rees**
**CEO & President**

**Date:** Mar 5, 2026

Dated: March 9, 2026

Signature: _____

**Aravind Swaminathan, Counsel for Defendants**

# EXHIBIT A

Name: <<Name>>
Notice ID: <<Notice ID>>
Confirmation Code: <<Confirmation Code>>

*Bailey v. Block Inc., et al.*, Case No. 4:25-cv-5625

## A FEDERAL COURT AUTHORIZED THIS NOTICE

**You have been identified as a class member in a class action lawsuit.**

**You are eligible to receive a payment from a Settlement the parties are asking the court to approve.**

**Your rights and options are explained in this Notice. Please read this Notice carefully.**

**You are not being sued.**

### WHAT IS THIS CASE ABOUT?

Plaintiff Bradley Bailey ("Plaintiff") filed a class action lawsuit. That is a lawsuit seeking to recover on behalf of a group of people, called a "class."

Plaintiff alleged that he obtained loan products ("Cash App Borrow") from Block, Inc. ("Block"), that were provided by either Square Financial Services, Inc. ("SFS") or First Electronic Bank ("FEB") (collectively "Defendants"), that violated the Military Lending Act (MLA) and the Georgia Payday Lending Act (PLA). Specifically, Plaintiff alleged that Cash App Borrow loans violated these statutes by: charging interest exceeding the MLA's and PLA's interest rate caps and using a method of access to borrower bank accounts as security for the obligations.

Defendants deny any and all allegations or assertions of wrongdoing in this lawsuit, and deny any and all allegations or assertions that they are liable to Plaintiff or to any member of the Class. Defendants have, however, agreed to settle the lawsuit so that they may, among other things, avoid additional litigation burdens and expenses.

### AM I INCLUDED IN THE SETTLEMENT?

Yes. Defendants' records indicate you are a member of the Settlement Class.

### WHO IS INCLUDED IN THE SETTLEMENT?

The Settlement encompasses a group, or "Class," of people. A description of the group is provided below. If you received a notice of the Settlement by mail or email that notice should state that you are a Member of the Settlement Class according to Defendants' records.

**Settlement Class**: You are in the Settlement Class if, as of May 28, 2025, you (i) obtained a Cash App Borrow loan from FEB or SFS through Block's Cash App platform, (ii) while you were a covered borrower as defined under the Military Lending Act and its implementing regulations at the time you obtained a Cash App Borrow loan, and (iii) the Military Annual Percentage Rate applicable to the Cash App Borrow loan exceeded thirty-six percent (36%).

If you are unsure whether you are a Member of the Settlement Class, you may contact the Settlement Administrator by emailing INSERT EMAIL or calling XXX-XXX-XXXX.

**For more information, please visit the Settlement Website, www.BlockMLASettlement.com, email INSERT, or call XXX-XXX-XXXX.**

## WHAT DOES THE SETTLEMENT INCLUDE?

If the Court approves the Settlement, a $615,000 Settlement Fund will be set up to cover: (1) cash payments to Settlement Class Members, (2) attorneys' fees, (3) costs, (4) settlement administration, and (5) any service award for Plaintiff that the Court may later approve. Payments to Settlement Class Members are tied to class membership and the number of eligible Cash App Borrow loans wherein the Military Annual Percentage Rate applicable to the Cash App Borrow loan exceeded thirty-six percent (36%) as of May 28, 2025.

## HOW MUCH MONEY WILL I RECEIVE IF I STAY IN THE SETTLEMENT CLASS?

If the Court approves the Settlement in full, each Member of the Settlement Class will automatically receive payment of approximately $58.95 for each eligible Cash App Borrow loan wherein the Military Annual Percentage Rate applicable to the Cash App Borrow loan exceeded thirty-six percent (36%) as of May 28, 2025.

There may be a second payment depending on the number of Settlement payments that remain undeposited. The amount of that payment will vary depending on how many initial payment checks are cashed.

## HOW WILL I BE PAID?

Unless you elect otherwise, your payment will be made as a check mailed to the address on file with Cash App. Before checks are mailed, the Settlement Administrator will perform a change-of-address search with the U.S. Postal Service to determine whether you have a new address listed with the USPS and, if so, will send the check to that address.

If you would like to receive your payment through an electronic form, or if you would like to request a change of address, you will need to visit the Settlement Website, www.BlockMLASettlement.com, and follow the instructions for doing so.

## WHAT ARE MY OPTIONS?

(1) **Do nothing.**

If you do nothing, you will receive a payment. Additionally, if you do nothing in response to this Notice, you will lose any legal rights you may have against Defendants related to this lawsuit, and you will lose the right to object to the Settlement. If you do not submit a payment election form through the Settlement Website, (by visiting www.BlockMLASettlement.com and following the instructions), your payment will be sent by check.

(2) **Exclude Yourself.**

You may exclude yourself from the Settlement Class by mailing a written notice to the Settlement Administrator, postmarked by DATE, that includes a signed and dated statement saying that you want to be excluded from the Settlement Class and providing your name, address, and the phone number and $Cashtag associated with your Cash App Account. If you exclude yourself, you will not receive a settlement payment, but you will keep any legal rights you may have against Defendants. You can find a sample exclusion form to print and fill out at www.BlockMLASettlement.com.

(3) **Object.**

If you do not exclude yourself, you have the right to appear (or to hire a lawyer to appear for you) before the Court and object to the Settlement. If you wish to object, you must file with or send to the Court a written, signed objection no later than DATE. The Court can only approve or deny the Settlement as proposed—it cannot rewrite the terms of the Settlement.

**For more information, please visit the Settlement Website, www.BlockMLASettlement.com, email INSERT, or call XXX-XXX-XXXX.**

Specific instructions on how to object to or exclude yourself from the Settlement are available at www.BlockMLASettlement.com.

## WHO REPRESENTS ME?

The Court has appointed lawyers from Jacobson Phillips PLLC and Carney Bates & Pulliam PLLC to serve as Class Counsel. As part of the settlement process, these lawyers will ask the Court to authorize them to make certain payments from the Settlement Fund, including: (1) settlement-administration expenses; (2) legal fees, which will not exceed 25% of the total Settlement Fund; (3) out-of-pocket costs, which will not exceed $25,000; and (4) a service award to Plaintiff, which will not to exceed $5,000.

## WHEN WILL THE COURT CONSIDER THE SETTLEMENT?

The Court will hold a final approval hearing on DATE, at TIME, at the Ronald V. Dellums Federal Building & U.S. Courthouse, Courtroom 1 – 4th Floor 1301 Clay St., Oakland, California 94612. At that hearing, the Court will: (1) hear any objections about the fairness of the settlement; (2) decide whether the Settlement should be approved; and (3) decide whether to approve the requested attorneys' fees and costs, as well as Plaintiff's service award.

**This notice summarizes the proposed Settlement. For the precise terms of the Settlement, please see the Settlement Agreement available on the Settlement Website, www.BlockMLASettlement.com, or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay St., Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You may also contact the Settlement Administrator by emailing INSERT EMAIL or calling XXX-XXX-XXXX, or you may contact Class Counsel at the addresses/phone numbers above.**

**For more information, please visit the Settlement Website, www.BlockMLASettlement.com, email INSERT, or call XXX-XXX-XXXX.**

# EXHIBIT B

*Bailey v. Block Inc. et al.*
c/o <mark>SETTLEMENT ADMIN ADDRESS INFORMATION</mark>

## COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT

*Bailey v. Block Inc. et al.*,

Case No. 4:25-cv-5625

Opt Out Deadline:

<mark>**DATE**</mark>

This Notice is to inform you of a Class Action Settlement and to advise you of your rights. The Court's order, including the full definitions of the Settlement Class, can be viewed at www.BlockMLASettlement.com.

<<MAIL ID>>

<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

**What Does the Settlement Provide?** Subject to court approval, the Settlement in *Bailey v. Block Inc., et al.* (the "Class Action") resolves all claims brought against Block Inc., Square Financial Services, Inc., and First Electronic Bank (collectively "Defendants") by a group of people who as of May 28, 2025, obtained a Cash App Borrow loan while being a covered borrower as defined under the Military Lending Act and its implementing regulations at the time of the Cash App Borrow loan where the Military Annual Percentage Rate exceeded thirty-six percent (36%), in exchange for the creation of a $615,000 Settlement Fund.

**What are My Options?** As a potential Settlement Class Member, you have three choices. 1) **If you wish to receive money from the Settlement, you do not need to do anything.** Upon final approval of the Settlement, you will automatically receive a check payment, currently estimated at $58.95 per eligible Cash App Borrow loan. However, if you wish to receive payment electronically, you will need to visit the website below. For more information, or to update your address, visit the website below. You will also be bound by any judgment approving or disapproving the Settlement. 2) **If you do not wish to participate in the Settlement, you can request exclusion from the Settlement.** If you choose to be excluded, you will not share in the Settlement proceeds, you will not be bound by any orders or judgments in this case, and you will have the right to pursue individually, at your own expense, any claim you may have against Defendants. To be valid, your exclusion must be postmarked by DATE. 3) **If you do not request exclusion from the Settlement, you can object to the Settlement.** To do so, you must file with or send to the Court a written objection by DATE. Visit the website below for more information.

**Who Represents Me?** The Court has appointed Carney Bates & Pulliam, PLLC and Jacobson Phillips PLLC to serve as Class Counsel. You do not have to pay Class Counsel to participate. Instead, they will ask the Court for an award of fees and litigation expenses from the Settlement Fund. You may hire your own lawyer, at your own expense, to appear in Court for you, but you do not have to.

**How Do I Get More Information?** For more information, you may go to www.BlockMLASettlement.com or you may contact the Administrator at 1-###-###-#### or Class Counsel at info@cbplaw.com.

# EXHIBIT C

# Class Action Settlement Notice

**Bailey v. Block Inc., et al., No. 4:25-cv-5625**

## Authorized by the U.S. District Court for the Northern District of California

**This Notice explains the Settlement, the Settlement Class, and your legal rights and options. Please read its contents carefully.**

This Notice provides information about a class-action settlement (the "Settlement").

### WHAT IS THIS CASE ABOUT?

Plaintiff Bradley Bailey ("Plaintiff") filed a class action lawsuit. That is a lawsuit seeking to recover on behalf of a group of people, called a "class."

Plaintiff alleged that he obtained loan products ("Cash App Borrow") from Block, Inc. ("Block"), that were provided by either Square Financial Services, Inc. ("SFS"), or First Electronic Bank ("FEB") (collectively, "Defendants"), that violated the Military Lending Act (MLA) and the Georgia Payday Lending Act (PLA). Specifically, Plaintiff alleged that Cash App Borrow loans violated these statutes by: charging interest exceeding the MLA's and PLA's interest rate caps and using a method of access to borrower bank accounts as security for the obligations.

Defendants deny any and all allegations or assertions of wrongdoing in this lawsuit, and deny any and all allegations or assertions that they are liable to Plaintiff or to any member of the Settlement Class. Defendants have, however, agreed to settle the lawsuit so that they may, among other things, avoid additional litigation burdens and expenses.

### WHAT IS THE STATUS OF THE CASE?

Plaintiff and Defendants (together, the "Parties") have reached a proposed Settlement in the lawsuit. The Settlement has been preliminarily approved by the Court. A Final Fairness Hearing will be held after notice to the Settlement Class, as further discussed below.

The Court has not made any finding that Defendants have engaged in any wrongdoing or misconduct of any kind, or are liable in any way, including regarding Plaintiff's alleged violations of the MLA and PLA. The Court also has not made any determination that this lawsuit should proceed as a class action, as opposed to an individual claim brought by Plaintiff.

This Notice explains your options if you are a Member of the Settlement Class. Whether or not you act, your legal rights will be affected by the proposed Settlement.

### WHO IS INCLUDED IN THE SETTLEMENT?

The Settlement encompasses a group, or "Class," of people. A description of the group is provided below. If you received a notice of the Settlement by mail or email, that notice should state that you are a Member of the Settlement Class according to Defendants' records.

**Settlement Class**: You are in the Settlement Class if, as of May 28, 2025, you (i) obtained a Cash App Borrow loan from FEB or SFS through Block's Cash App platform, (ii) while you were a covered borrower as defined under the Military Lending Act and its implementing regulations at the time you obtained a Cash App Borrow loan, and (iii) the Military Annual Percentage Rate applicable to the Cash App Borrow loan exceeded thirty-six percent (36%).

If you are unsure whether you are a Member of the Settlement Class, you may contact the Settlement Administrator by emailing INSERT EMAIL or calling XXX-XXX-XXXX.

2

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **STAY IN THE CLASS AND RECEIVE PAYMENT** | If you are a Member of the Settlement Class and you do nothing, then you will be bound by the Court's decisions regarding the Settlement. You will not be able to pursue any potential claims against Defendants that have been released as part of the Settlement. You may review the full release, which is available on the Settlement Website, as part of the Settlement Agreement.<br><br>If you are a Settlement Class Member, you are not required to submit a claim to receive payment. Payment will be distributed on a *pro rata* basis—via check or electronic payment method—once all valid opt out requests have been received and after costs and attorneys' fees are deducted.<br><br>All Settlement Class Members who do not opt-out will receive payment as set forth below.<br><br>After payment of attorneys' fees, litigation expenses, settlement administration expenses, and any service award, it is estimated that each Settlement Class Member will receive payment of approximately $58.95 for each eligible Cash App Borrow loan, wherein the Military Annual Percentage Rate applicable to the Cash App Borrow loan exceeded thirty-six percent as of May 28, 2025, which will be delivered to the Settlement Class Member's address on file with Cash App. If you would like to receive your payment through an electronic form, or if you would like to request a change of address, you will need to visit the Settlement Website, www.BlockMLASettlement.com, and follow the instructions for doing so. |
| **EXCLUDE YOURSELF BY DATE[INSERT DATE 56 DAYS AFTER NOTICE DATE]** | You can opt out of the Settlement if you want to maintain any legal rights you may have against Defendants. If you opt out, you will not be eligible to receive any settlement payment.<br><br>To opt out from the Settlement, you must send a written request to the Settlement Administrator. This request must (1) state that you wish to be excluded from the Settlement and (2) include the information discussed in more detail in this Notice. The deadline to opt-out is [date]. If you exclude yourself, you do not have the right to object to the Settlement because the Settlement no longer affects you. |
| **OBJECT BY DATE[INSERT DATE 56 DAYS AFTER NOTICE DATE]** | You have the right to write to the Court to object to the settlement if you believe it is unfair. If you choose to object, you will remain a part of the Settlement Class, and you will be bound by the Court's decisions regarding the Settlement. If you wish to object, you must file with or send to the Court a written, signed objection no later than [date]. |

3

# LEARNING MORE ABOUT THE LAWSUIT & SETTLEMENT

## What does the Settlement include?

If the Court approves the Settlement, a $615,000 Settlement Fund will be set up to cover: (1) cash payments to Settlement Class Members, (2) attorneys' fees, (3) costs, (4) settlement administration, and (5) any service award for Plaintiff that the Court may later approve. Payments to Settlement Class Members are tied to class membership and the number of eligible Cash App Borrow loans wherein the Military Annual Percentage Rate applicable to the Cash App Borrow loan exceeded thirty-six percent (36%) as of May 28, 2025.

If the Court approves the Settlement in full, each Member of the Settlement Class will automatically receive payment of approximately $58.95 for each eligible Cash App Borrow loan wherein the Military Annual Percentage Rate applicable to the Cash App Borrow loan exceeded thirty-six percent (36%) as of May 28, 2025. There may be a second payment depending on the number of Settlement payments that remain undeposited. The amount of that payment will vary depending on how many initial payment checks are cashed.

## Who are the attorneys representing the Settlement Class and how will they be paid?

The Court has approved lawyers to represent the Settlement Class ("Class Counsel"). The attorneys who have been appointed by the Court to represent the Settlement Class are a team of lawyers from Jacobson Phillips, PLLC (specifically, Joshua Jacobson) and Carney Bates & Pulliam, PLLC (specifically, Randall Pulliam and Lee Lowther). You may reach Class Counsel at the following addresses/phone numbers:

> Joshua R. Jacobson
> JACOBSON PHILLIPS PLLC
> 2277 Lee Road, Suite B
> Winter Park, Florida 32789
> Telephone: (321) 447-6461
>
> Randall K. Pulliam
> Lee Lowther
> CARNEY BATES & PULLIAM, PLLC
> 1 Allied Drive, Suite 1400
> Little Rock, Arkansas 72202
> Telephone: (501) 312-8500

Class Counsel expect to ask the Court to approve attorneys' fees not to exceed 25% of the Settlement Fund ($153,750), plus reimbursement of their out-of-pocket expenses, not to exceed $25,000.

Class Counsel may also seek a service award for the Plaintiff class representative, in an amount not to exceed $5,000, for his services in representing the Settlement Class.

If the Court approves them, these attorneys' fees, costs, service award, and settlement administration expenses will be paid from the Settlement Fund.

## DECIDING WHAT TO DO

### What are my options?

You have three options. You can (1) remain in the Settlement; (2) exclude yourself from the Settlement (i.e., "opt out"); or (3) remain in the Settlement and object to the Settlement.

Your options and rights are explained in the following sections, along with the steps you must take if you wish to opt-out or object.

### What are the consequences of remaining in the Settlement?

You do not have to take any action to remain in the settlement.

If you remain in the Settlement, you will not be able to pursue claims against Defendants that are covered by the Settlement's release. All of the Court's decisions regarding the Settlement will apply to you, and you will be bound by any judgment that the Court enters.

If the Court grants final approval of the Settlement: each Member of the Settlement Class will automatically receive payment of approximately $58.95 for each eligible Cash App Borrow loan wherein the Military Annual Percentage Rate applicable to the Cash App Borrow loan exceeded thirty-six percent (36%) as of May 28, 2025.

### What are the consequences of opting out of the Settlement?

If you exclude yourself from the Settlement, you will not receive any money from the Settlement. You will not be bound by any of the Court's orders regarding the Settlement or any judgment or release that the Court enters regarding the Settlement. You will retain any legal rights you may have against Defendants.

You will be responsible for the fees and costs of any future services provided by your own lawyer.

### How do I opt out?

If you wish to be excluded from the Settlement (to "opt out"), you must mail a written request for exclusion to the Settlement Administrator at [address]. Your request for exclusion must be in writing, sent to the Settlement Administrator and postmarked no later than [date]. Your request for exclusion must be personally signed by you and must include: (1) your name, address, telephone number, and $Cashtag associated with your Cash App Account; and (2) a statement substantially to the effect that: "I request that I be excluded from the Settlement Class in the case of *Bailey v. Block Inc., et al.* (N.D. Cal.)."

The address that you use on your exclusion request should be the address to which your notice was mailed. If you have a new address, please also inform the Settlement Administrator of this new address so they can update the appropriate records. If you exclude yourself from the Settlement, you will not be eligible to receive a payment.

## What happens if I object to the Settlement?

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different Settlement. The Court can only approve or deny the Settlement as proposed; it cannot rewrite the Settlement.

If you object according to the steps below, the Court will consider your objection. If the Court overrules your objection, you will be bound by the Court's decision, you will remain a part of the Settlement, and you will receive a settlement payment. If the Court denies approval, the Settlement will not take effect, no settlement payments will be sent, and the lawsuit will continue.

## How do I object to the Settlement?

You may object to all or part of the Settlement if you think, for any reason, that it is not fair, reasonable, or adequate.

To object, you must file with the Court or send to the Clerk of Court at the United States District Court for the Northern District of California, 1301 Clay St., Oakland, California 94612 the objection in writing. Your objection must clearly identify the case name and number of the lawsuit (*Bailey v. Block Inc., et al.*, Case No. 4:25-cv-5625 (N.D. Cal.)) and include a written statement stating the reasons for the objection to the Settlement, along with any supporting documentation that you wish the Court to consider.

If you decide to object to the Settlement, your objection must be filed with or sent to the District Court on or before [date].

## ADDITIONAL INFORMATION

## When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing at _____ on _____, at the Ronald V. Dellums Federal Building & U.S. Courthouse, Courtroom 1 – 4th Floor 1301 Clay St., Oakland, California 94612. At this Final Fairness Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and whether to finally approve the Settlement. The Court will also hear objections to the Settlement, if any. We do not know how long the Court will take to make its decision after the Final Fairness Hearing. In addition, the Final Fairness Hearing may be postponed at any time by the Court without further notice to you.

You do not have to appear at the Final Fairness Hearing. If you are filing an objection, your objection should include a statement of whether or not you intend to appear at the Hearing, and whether you intend to hire an attorney (see Section "How Do I Object to the Settlement" above).

## Where can I get additional information?

This notice summarizes the proposed Settlement. For the precise terms of the Settlement, please see the Settlement Agreement available on the Settlement Website, www.BlockMLASettlement.com, or by accessing the Court docket in this case, for a fee,

through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay St., Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You may also contact the Settlement Administrator by emailing INSERT EMAIL or calling XXX-XXX-XXXX, or you may contact Class Counsel at the addresses/phone numbers above.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL TO ASK QUESTIONS ABOUT THE SETTLMENT OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE SETTLEMENT.**

7