United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRADLEY BAILEY,**<br>Plaintiff,<br>vs.<br>**BLOCK INC. D/B/A CASH APP, ET AL.,**<br>Defendants. | CASE NO. **4:25-CV-05625-YGR**<br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**<br>**RE:** Dkt. No. 37 |

On July 14, 2026, the Court held a hearing on the plaintiff's unopposed motion for conditional certification of a settlement class in this action; preliminary approval of the parties' proposed settlement; approval of the Class Notice Packet; appointing Class Representatives, Class Counsel and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement. (Dkt. No. 37, Motion for Preliminary Approval of Class Action Settlement ["Mtn."]).[1] Randall Pulliam and Elliot Jason Conn appeared for plaintiff; and Ali Abugheida and Elizabeth Holt Andrews appeared for defendants.

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the record in this case, and based

[1] At the July 14, 2026 hearing, counsel for both parties acknowledged that the motion and attendant exhibits failed to provide sufficient background information to clarify the basis for this settlement. At the direction of the Court, the parties filed supplemental briefing to fill this gap. Dkt. No. 43, Supplemental Briefing ["Supp. Brief"].

on the reasons and terms set forth herein, the Court **GRANTS** the parties' motion for preliminary approval of class action settlement.

## I. BACKGROUND

Plaintiff filed the putative class action complaint in the Alameda County Superior Court against defendants Block, Inc., Square Financial Services, and First Electronic Bank alleging that the three defendants engaged in illegal, predatory lending practices that harmed active-duty military service members, Georgia residents, and the general public. Defendants removed the case to federal court on July 3, 2025. Plaintiff's complaint alleges claims for violations of the Military Lending Act ("MLA"), 10 U.S.C. § 987 *et seq.* and violations of the Georgia Payday Loan Act ("GPLA"), O.C.G.A. § 16-17-1 *et seq.*

As explained in the parties' supplemental brief, the alleged violations result from two technological errors that occurred between September 19, 2022 and June 12, 2023, which resulted in a failure to timely confirm covered borrower status before loan disbursement. These errors led certain covered borrowers to obtain loans that exceeded the MLA's Military Annual Percentage Rate 36% limit during this period of time. However, by June 12, 2023, Block updated its system and eliminated these programming errors in the ordinary course of business. For this reason, plaintiffs do not seek injunctive relief.

The parties reached a settlement prior to class certification with the assistance of an experienced mediator, Michelle Yoshida of Phillips ADR Enterprises.

### B. Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant will pay $615,000 into a common settlement fund, without admitting liability. This amount includes attorneys' fees and costs, the cost of class notice and settlement administration, and the class representative's service award.

#### *1. Attorneys' Fees and Costs*

Under the Settlement Agreement, Plaintiff's counsel agreed to seek up to $153,750 in attorneys' fees and no more than $25,000 in litigation costs. The common settlement fund also includes a provision for $16,017 in settlement administration costs and up to $5,000 to be paid to

United States District Court
Northern District of California

plaintiff Bradley Bailey as an incentive award in exchange for a general release of all claims against defendant.

***2. Class Relief***

After deductions from the common fund for fees, costs, and service incentive awards, approximately $431,250 will remain to be distributed among the participating class members. Class members will be paid with a pro rata distribution. Dividing this amount across the 1,720 participating class members yields an average recovery of approximately $250 per class member. The Agreement provides that no amount will revert to defendant.

***3. Cy Pres/Remainder***

The Settlement Agreement provides that to the extent any monies remain in the Fund, more than one hundred fifty (150) days after distribution, a second distribution will be paid on a pro rata basis to all class members who deposits/cashes the initial settlement payment. If the Settlement Administrator determines the subsequent distribution is too small for individual distributions, any funds from any unredeemed checks will be paid to the *cy pres* recipient, Operation Patriot Packs, a 501(c)(3) non-profit organization.[2]

## II. PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to

[2] Neither the motion nor any of the related filings provides any additional information on the organization Operation Patriot Packs other than that it is a 501(c)(3) non-profit organization. The Court warns the parties that it expects fuller briefing on the *cy pres* recipient for consideration of final approval of the settlement and reminds counsel that Ninth Circuit law requires that there be "a driving nexus between the plaintiff class and the *cy pres* beneficiaries." *See Tabak v. Apple, Inc.*, 2024 WL 4642877, at *7 (N.D. Cal. Oct. 30, 2024) (internal quotation marks and citation omitted).

assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

**B. Class Definition and Basis for Conditional Certification**

The Settlement Agreement, attached hereto as **Exhibit A**, defines the class as:

> Persons who, as of May 28, 2025, (i) obtained a Cash App Borrow loan from FEB or SFS through Block's Cash App platform, (ii) were covered borrowers as defined under the Military Lending Act and its implementing regulations at the time they obtained a Cash App Borrow loan, and (iii) the Military Annual Percentage Rate applicable to the Cash App Borrow loan exceeded thirty-six percent (36%).

("the Settlement Class") (Mtn. at 3). The average amount of the class members' loans was $64.12, and the average amount of interest paid in excess of the MLA's limit was $1.42 per transaction. (Supp. Brief at 3.) Therefore, the Settlement Class paid in the aggregate $9,809.93 in excess of what the MLA permits. This proposed class definition is amended from that in the complaint. The final definition does not include any covered borrower Georgia residents (to the extent there are any) and thus Georgia resident is not releasing claims under the Georgia Payday Loan Act.[3]

[3] The parties explain in their supplemental briefing that the relief obtained through this action is an order of magnitude greater than the remedies available under the Georgia Payday Loan Act and that, as defendants' counsel explained on the record at the July 14, 2026 hearing, defendants did not make the at-issue loans to Georgia residents during the relevant time period.

The Court finds that, for purposes of settlement, plaintiff has satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class includes 1,720 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The focus of this action—whether the Class members are entitled to actual or statutory damages for the violations resulting from defendants' programming errors and, if so, in what amounts—is common to all class members.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiff and members of the Settlement Class were all Covered Members subject to the protections and limitations of the MLA, making plaintiff's claims typical of class members.

With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel have fairly and adequately represented the interests of the Class. No conflicts of interest appear as between plaintiff and the members of the Settlement Class. Class Counsel have demonstrated that they are nationally recognized law firms within the field of complex class action litigation and have experience in matters involving consumer claims under the MLA and related to excessive, usurious, and/or unauthorized fees, and therefore adequate to represent the Settlement Class as well. (Mtn. at 17.)

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here. Members of the class here will recover $59.82 for each Cash App Borrow loan obtained, which amounts to approximately 42 times the amount of average excess interest incurred.

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

United States District Court
Northern District of California

### C. Settlement Agreement Appears Fair and Reasonable

The settlement agreement, a copy of which is attached hereto as Exhibit A ("Settlement Agreement"), is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable. Defendant vigorously denied allegations of wrongdoing and maintains its argument that any violation of the MLA would not be actionable because they maintain procedures reasonably adapted to avoiding errors and complying with the MLA. Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals. Even if plaintiff prevailed, the best-case recovery after trial was less than the amount offered in settlement. While the Settlement was reached prior to extensive formal discovery, this does not necessarily weigh against a finding that the Settlement is fair, adequate, and reasonable. *See In re Mego Fin. Corp. Sec. Litig.* at 459 (noting "formal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement" and affirming district court's order approving settlement)." Counsel for both parties are highly experienced. The record does not indicate collusion or self-dealing. *See In re Bluetooth*, 654 F.3d at 946-47.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations. The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) no agreements required to be identified under Rule 23(e)(3)

Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

Based on the foregoing, the Court conditionally certifies the class and provisionally appoints the law firm Carney, Bates & Pulliam, PLLC along with Joshua Jacobson, a partner with the law firm Jacobson Phillips PLLC, as Class Counsel and plaintiff Bradley Bailey as class representative.

## III. Plan of Notice, Allocation, and Administration

### A. Notice Plan

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The parties' proposed notice plan appears to be constitutionally sound in that plaintiff has made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

The Court approves the form and manner of the long-form Notice of Proposed Class Action Settlement, the Email Notice, and the Postcard Notice, which are attached as Attachment B

to this Order. Taken together, these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing. The forms of plan of notice are therefore **APPROVED**.

**B. Plan of Allocation**

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the class notices. Class members will receive a Settlement Share unless they submit a valid and timely Opt-Out Form not later than the Opt Out Deadline.

**C. Settlement Administrator**

Simpluris, Inc. is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

Defendant is directed to provide to the Settlement Administrator the Class members' contact data as specified by the Settlement Agreement no later than **October 12, 2026**.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than **October 26, 2026** ("Notice Date"). Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

**D. Exclusion/Opt-Out**

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator postmarked no later than **January 25, 2027** ("Opt-Out Deadline"). Requests for exclusion must be in writing and set forth the name, address, phone number, and "$Cashtag" associated with the Cash App Account of the person who wishes to be excluded. It must contain the following statement: "I request that I be excluded from the Settlement Class in the case of Bailey v. Block Inc., et al." and must be signed by the class member seeking exclusion. No later than **February 22, 2027**, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement.

United States District Court
Northern District of California

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

**E. Attorneys' Fees and Class Representative Awards**

Plaintiff(s) and their counsel shall file their motion for attorneys' fees and for Class Representative awards no later than **December 21, 2026**. Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than **February 1, 2027**.

Plaintiffs shall file a reply brief responding to any timely objection no later than **February 15, 2026**.

**F. Fairness and Final Approval Hearing**

All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than **December 21, 2026**.

The Court will conduct a Fairness and Final Approval Hearing on **Tuesday, March 23, 2027 at 9:00 a.m.**, to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class. The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**G. Objections**

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards

by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than **February 1, 2027**. Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

**H. Post-Distribution Accounting**

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing. Counsel should prepare accordingly.

| **Summary of Key Dates** | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | October 12, 2026 |
| Class Notice to be sent by | October 26, 2026 |
| Class Counsel to file their motion for fees and costs and Class Representative awards | December 21, 2026 |
| Motion for Final Approval to be filed by | December 21, 2026 |
| Postmark deadline to submit objection | February 1, 2027 |
| Class counsel and settlement administrator to submit supplemental statements regarding status of notice program, objections, opt-outs | March 9, 2027 |
| Fairness and Final Approval Hearing | March 23, 2027<br><br>NOTE: Subject to change without further notice to the Class. |

**IT IS SO ORDERED.**

This Order terminates Docket No. 37.

Dated: September 28, 2026

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE